**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Marie Q. FEGURGUR, Defendant–
Appellant.**

**No. 01–10149.
D.C. No. CR–00–00064–JSU.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 19, 2002.

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

**MEMORANDUM****

Marie Q. Fegurgur appeals the 60–month sentence imposed following her

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

guilty plea conviction of possession of stolen mail, in violation of 18 U.S.C. § 1708. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Fegurgur contends that the district court abused its discretion by departing upward from Criminal History Category VI based on aggravating circumstances that were adequately incorporated into her total offense level.

■ A court may depart upward from the guidelines if the criminal history category "does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes ...." U.S. Sentencing Guideline Manual § 4A1.3 (1998). The district court cited several factors to justify the upward departure: (1) that Fegurgur's eight prior convictions were all for theft related offenses; (2) that Fegurgur had been before the court on two prior occasions, and was sentenced to a total of 44–months prison including probation revocations; and (3) that Fegurgur's relapse into the same criminal behavior demonstrated an increased likelihood that she would re-offend. The district court did not abuse its discretion by departing. *See also* U.S.S.G. § 4A1.1, cmt. background (1998) (stating that departures are permitted when a defendant's prior crimes are similar in nature to the instant offense); *United States v. Segura–Del Real,* 83 F.3d 275, 278 (9th Cir.1996) (affirming upward departure from Criminal History Category VI where defendant's numerous prior immigration violations "demonstrated a total lack of recognition of gravity of such offenses and [defendant's] propensity to commit them.").

■ Fegurgur also contends that the ten-level increase in her offense level from 7 to 17 was unreasonable. The district court concluded that the extent of the departure was appropriate based on the foregoing factors, and we find that the grounds cited are reasonable. *See United States v. Sablan,* 114 F.3d 913, 919 (9th Cir.1997) (en banc) (holding "where ... a district court sets out findings justifying the magnitude of its decision to depart and extent of departure from the Guidelines, and that explanation cannot be said to be unreasonable, the sentence imposed must be affirmed").

Accordingly, we affirm the sentence imposed by the district court.

**AFFIRMED.**